IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RODNEY W. HARRELL, *Individually and on behalf of all others similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-00275 (AJT/TCB) |
| FREEDOM MORTGAGE CORPORATION, *A New Jersey Corporation,* | ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

In this putative class action, Plaintiff has alleged that the Defendant Freedom Mortgage Corporation violated the Real Estate Settlement Practices Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.*, committed a breach of contract and engaged in negligent conduct in connection with the servicing of his residential mortgage loan. This matter is before the Court on the following Motions:

(1) Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), or in the alternative, to Strike Class Allegations [Doc. No. 18] ("Motion to Dismiss");

(2) Plaintiff's Motion for Class Certification [Doc. No. 15]; and

(3) Defendant's Motion to Strike Plaintiff's Declaration Offered in Support of Motion for Class Certification [Doc. No. 39] (collectively, "the Motions").

The Court held a hearing on the Motions on June 15, 2018, following which it took the Motions under advisement. For the reasons stated below, the Complaint fails to state a claim for relief and will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## I. FACTUAL ALLEGATIONS

Plaintiff alleges the following:

Plaintiff is a resident of Alexandria, Virginia, and the owner of a residence located in Alexandria (the "Property"). Compl. ¶¶ 3, 5. Freedom Mortgage Corporation ("Freedom") is a mortgage lender that has its principal place of business in Mount Laurel, New Jersey, and is incorporated in New Jersey. *Id.* ¶ 4. In 2012, he refinanced his home mortgage loan with NYCB Mortgage Company, LLC ("NYCB"). *Id.* ¶ 7. NYCB was the original refinance mortgage lender and servicer of Plaintiff's loan secured by the Property. *Id.* ¶ 6. The terms of Plaintiff's loan with NYCB required NYCB to pay Alexandria City property taxes using escrowed funds. *Id.* ¶ 8.

In June 2017, Freedom acquired certain residential mortgage assets from NYCB. *Id.* ¶ 26. As a result, NYCB transferred "servicing of the loan, to Freedom Mortgage on October 31, 2017." *Id.* ¶ 12. Although NYCB paid the first installment of the annual property tax for the Property on June 1, 2017, "NYCB failed to make the second installment payment of the 2017 Alexandria City property tax." *Id.* ¶¶ 11, 13. In 2018, Freedom paid the second installment of property taxes that had not been remitted by NYCB, *id.* ¶ 20; however, Freedom failed to make the second installment payment of the 2017 Alexandria City property tax in the 2017 calendar year, *id.* ¶ 14. Although all of the outstanding 2017 Alexandria City property taxes have been paid, Plaintiff incurred "additional federal and state income tax liability for the 2017 tax year" as a result of the Alexandria City property taxes not being completely paid in the 2017 calendar

---

[1] The Defendant concedes that there is personal jurisdiction over it with respect to Plaintiff's individual claims. The Court therefore first considers Defendant's Motion to Dismiss Plaintiff's individual claims for failure to state a claim. Because the Complaint fails to state a claim, Defendant's remaining Motions will be dismissed as moot.

2

year. *Id.* ¶ 16. Based on these allegations, Plaintiff asserts claims against Freedom for: (1) violation of the Real Estate Settlement Practices Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Count 1); (2) breach of contract (Count 2); and (3) negligence (Count 3).

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of the plaintiff." *Id*; *see also Bd. of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 475 (E.D. Va. 2007). The alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

Plaintiff claims that Freedom is a "servicer" under the RESPA who failed to make timely property tax payments to the City of Alexandria on his residential property in violation of 12

3

U.S.C. § 2605(g).[2] Specifically, Plaintiff alleges that the City of Alexandria bills its real property taxes on an annual basis, requiring two installments to be paid by June 15th and November 15th, Compl. ¶ 10, and that " at all relevant times, the escrow account held more than enough funds to pay the second installment of the 2017 property tax, a bill of $4102.14." Compl. ¶ 15. NYCB transferred servicing of Plaintiff's loan for the Property to Freedom on October 31, 2017, *id.* ¶ 12; and the second installment of property taxes was due within 30 days of NYCB's transfer of the loan and servicing to Freedom, *see id.* ¶¶ 10, 12.

Based on these allegations, the Defendant claims that Freedom was responsible for paying the property taxes that had to be paid by November 15, 2017. Because Freedom did not make that payment by November 15, 2017, Plaintiff alleges in Count 1 a violation of § 260(g) of RESPA, in Count 2, a breach of its contractual duties assumed from its original servicer, NYCB; and in Count 3, the negligent servicing of his loan based on a breach of its duty "by contract, statute and practice, to remit property taxes to the City of Alexandria from [Plaintiff's] pre-paid escrow account." Compl. ¶ 52.

A "servicer" for the purpose of imposing liability under § 2605(g) "means the person responsible for servicing a loan." 12 USC § 2605(i)(2). "'[S]ervicing' means receiving any scheduled periodic payment from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title and making the payments of

---

[2] As an initial matter, Plaintiff contends that the Court should convert Defendant's Motion to Dismiss to a motion for summary judgment because Freedom attached exhibits outside of the Complaint, specifically the Purchase and Assumption Agreement ("PAA") between the Defendant and NYCB, the original servicer of Plaintiff's loan. *See* [Doc. No. 25] ("Def.'s Ex. A"). "[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiff[] do[es] not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citations and alterations omitted). Here, Plaintiff alleges that Freedom failed to make tax payments as required after becoming his mortgage servicer following its assumption from NYCB of "certain rights and obligations attached to the mortgage loan, including the servicing of the mortgage loan, when it purchased the loan from NYCB." Compl. ¶ 47 The PAA is therefore "integral" to his claim that Freedom owed the Plaintiff a duty as a mortgage servicer. The Court will therefore consider the undisputed substance of the PAA without converting the Motion to Dismiss into a motion for summary judgment.

principal and interest in such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of a loan." 12 USC § 2605(i)(3).

As alleged, and as set forth in the PAA, the servicing rights with respect to Plaintiff's loan were transferred to Freedom on October 31, 2017; and Plaintiff was notified that he should make his payments to Freedom beginning on November 1, 2017. But by October 31, 2017, Plaintiff had already paid to NYCB and NYCB had already received the monies out of which the Plaintiff's then due real estate taxes were to be paid; and it was from these pre-November payments that Plaintiff's taxes were to be paid. *See* Compl. ¶¶ 8, 9, 15. For this reason, NYCB was the "servicer" with respect to those real estate taxes, that is, the entity responsible for "making the payments of principal and interest and such other payments *with respect to the amounts received from the borrower* as may be required pursuant to the terms of a loan." 12 USC § 2605(i)(3) (emphasis added). The PAA did not change this statutory obligation, but rather affirmed it. In that regard, § 5.09(o)(i) of the PAA (Payment of Property Taxes) provides that the Seller [NYCB] is responsible for payment of Plaintiff's property taxes during the relevant time period:

> Seller [NYCB] shall pay or cause to be paid, from the applicable Related Escrow Account, all real estate taxes on the Mortgaged Properties (and all interest, late payments and penalties in connection therewith) (x) for which either (i) a tax bill has been received, (ii) a tax bill was issued on or prior to the Servicing Transfer Date, or (iii) a tax service contract is in effect and should have been paid by the tax service, if applicable, and (y) that have due dates or discount dates, whichever is earlier, prior to or within thirty (30) days after the Servicing Transfer Date.

PAA, § 5.09(o)(i).

For the same reasons, Plaintiff has failed to allege facts that make plausible that Freedom breached a contractual duty to the Plaintiff, as alleged in Count 2. In that regard, Plaintiff alleges that Freedom failed to remit Plaintiff's owed property taxes to the City of Alexandria in violation

5

of the contractual obligations it assumed from NYCB. In support of that claim, he relies on § 2.01(a) of the PAA, which provides that "[NYCB] shall sell . . . to [Freedom], and [Freedom] shall purchase from [NYCB], all of [NYCB's] right, title and interest in and to . . . the Servicing Interests" and that "Servicing Interest" is defined, in relevant part in § 1.01 as "all right, title and interest of [NYCB] . . . including . . . (b) the related Servicing obligations as specified in each Servicing Agreement, including the obligations to administer and collect the payments of or relating to the Serviced Loans, and to remit all amounts and provide information reporting to others in accordance with the Servicing Agreements . . . ." But that obligation under § 2.01 was assumed "[u]pon the terms and subject to the conditions of this [PAA]Agreement." *See* PAA, § 2.01(a). Accordingly, the contractual obligation Plaintiff relies upon, § 2.02, is subject to the terms and conditions set forth in §5.09(o), which addresses explicitly the parties' respective obligations with respect to the payment of property taxes that had already been paid by Plaintiff to and retained by NYCB. Under that provision, Freedom had no obligation to make the tax payment at issue here (although it had rights of indemnification with respect to any costs Freedom incurs because of NYCB's breach of that obligation). For these reasons, Freedom did not assume NYCB's contractual obligation to the Plaintiff to pay by November 15, 2017 the tax payment that became due and payable in October, 2017, and Plaintiff has failed to state facts that make plausible that it breached a contractual obligation to Plaintiff when NYCB failed to timely make that payment.

Finally, the Complaint fails to state a claim for negligence in Count 3. Under Virginia's "source of duty" rule, tort claims cannot arise by virtue of duties existing solely from contract. *See, e.g., KCE Props., Inc. v. Holy Mackerel, Inc.*, Case No. 4:16cv42, 2016 WL 6496441, *2 (E.D.Va. Oct. 31, 2016) (citing *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 263 Va. 533,

6

558 (1998)); *see also Filak v. George*, 267 Va. 612, 618 (2004) ("[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts."). There is clearly no common law or statutory duty to service Plaintiff's loan absent a contractual undertaking to do so. Nevertheless, Plaintiff asserts a claim for negligence on the grounds that RESPA provides the legal duty sufficiently separate and apart from contract to support a negligent servicing claim. *See* Pl.'s Opp. at 8 ("Once Freedom started receiving payments from Harrel, RESPA imposed a duty of care described in 12 U.S.C. § 2605(g)."). That contention, however, ignores that Defendant's RESPA duties, and specific remedies, are triggered only because of a pre-existing contractual relationship and only "as may be required pursuant to the terms of a loan." 12 USC § 2605(i)(3) (defining a servicer's servicing obligation.)[3]

For the above reasons, the Complaint fails to state a claim upon which relief can be granted and will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6); and accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), or in the alternative, to Strike Class Allegations [Doc. No. 18] be, and the same hereby is, GRANTED in part and DENIED in part. It is GRANTED to the extent that the Complaint fails to state a claim; DENIED to the extent that this Court has personal jurisdiction over Defendant with respect to Plaintiff's individual claims; and otherwise DENIED as moot; and it is further

---

[3] In any event, even were a violation of RESPA sufficient to establish the violation of a statutory duty of care and therefore an independent negligence claim, such a claim would necessarily depend on the existence of a RESPA violation, which the Court finds lacking in Count 1.

ORDERED that Plaintiff's Motion for Class Certification [Doc. No. 15]; and Defendant's Motion to Strike Plaintiff's Declaration Offered in Support of Motion for Class Certification [Doc. No. 39] be, and the same hereby are, DENIED as moot; and it is further

ORDERED that this action be, and the same hereby is, DISMISSED.[4]

The Clerk is directed to enter judgment in favor the Defendant in accordance with Fed. R. Civ. 58 and to forward a copy of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
July 18, 2018

---

[4] In light of the Court's findings, Plaintiff's Objection to Magistrate's Grant of Motion to Stay Discovery [Doc. No. 58] be, and the same hereby is, OVERRULED as moot.